UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3651-DMG (BFMx) | Date | May 19, 2023 |
| Title | *Antonio Orozco v. Specialized Loan Servicing, LLC, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)   Attorneys Present for Defendant(s)
None Present                          None Present

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On May 12, 2023, Defendants Specialized Loan Servicing Holdings LLC ("SLS"), Litton Loan Servicing L.P. ("Litton"), PHH Mortgage Corporation d/b/a Newrez, and Gulf Harbor Investments Corporation removed this action from the Los Angeles County Superior Court to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Ntc. of Removal ¶¶ 1, 7–13. [Doc. # 1]. The removal statute—28 U.S.C. § 1441(a)—is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)). The party seeking removal has the burden to prove that removal is proper. *Id.*

Under 28 U.S.C. section 1332(a)(2), the Court has original jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state," where the amount in controversy is also met. Limited liability companies and partnerships are citizens of every state or country in which their owners, members, or partners are citizens. *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (addressing citizenship of LLCs); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990) (addressing citizenship of partnerships).

Defendants SLS and Litton have not properly alleged their citizenship. The Notice of Removal states that SLS's sole member is Computershare Mortgage Services, Inc., which it alleges "is formed under the laws of the state of Delaware." Ntc. of Removal ¶ 9. A corporation, however, has "dual citizenship" in both its state of incorporation and the state in which its "principal place of business" is located. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Defendants' Notice of Removal does not state Computershare Mortgage Service's principal place of business, but instead states its "members" as if it were an LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-3651-DMG (BFMx) | Date | May 19, 2023 |
|---|---|---|---|
| Title | *Antonio Orozco v. Specialized Loan Servicing, LLC, et al.* | Page | 2 of 2 |

As for Litton, the Notice of Removal fails to specify the citizenship of the members of Ocwen Capital Management LLC and Ocwen Loan Servicing LLC, the two limited liability companies that are Litton's general and limited partners. Instead, it provides their states of incorporation and principal places of business as if they were corporations. Ntc. of Removal ¶ 11.

Defendants are therefore **ordered to show cause** in writing by no later than **May 30, 2023** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. Failure to file a timely satisfactory response by this deadline will result in the remand of this action.

**IT IS SO ORDERED**.